IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES ROBERT HUGHES | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-139 |
| BRIAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

James Robert Hughes, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Divisions, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Brian Collier, Kurtis Pharr and Brittany Gattis. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant Collier is the executive director of the Texas Department of Criminal Justice. Defendant Pharr is the assistant warden of the Wainwright Unit, where Plaintiff was formerly incarcerated. Defendant Gattis is employed in the classification department at the Wainwright Unit. This Report and Recommendation considers the claim against Defendant Collier.

Factual Allegations

In his Amended Complaint (doc. #8), Plaintiff states that prior to arriving at the Wainwright Unit he had been assaulted and threatened by gang members. This led to an Offender Protection Investigation ("OPI") which resulted in him being transferred from other prison units. Plaintiff alleges some of the incidents were "swept under the rug" as if nothing hd happened.

On August 25, 2022, Plaintiff arrived at the Wainwright Unit as an OPI transfer. He appeared before the Unit Classification Committee ("UCC"). Defendants Pharr and Gattis were present at his hearing. Plaintiff states that during the hearing, Defendant Pharr made it clear Plaintiff had been transferred to the Wainwright Unit as the result of an OPI.

Plaintiff alleges that on July 29, Defendant Gattis, with knowledge of the threats against him, moved him from the transient overflow section into a cell with a member of a gang whose members

had previously threatened him. After being in the cell for a couple of weeks, Plaintiff states he began to feel threatened and reported his fears to security. He was moved back to the transient section and an OPI was ordered.

The OPI was conducted by Lieutenant Alford. Plaintiff states he told the lieutenant he wanted the OPI to be against the classification department because he had knowingly been placed in a cell with a member of the gang which had previously assaulted and threatened him.

On August 29, Plaintiff received a notice stating that the OPI concluded Plaintiff's allegations were unsubstantiated. He states he was not permitted to attend any hearing held and that the notice was signed by Defendant Pharr.

Plaintiff asserts that as of September 9, Defendants Gattis and Pharr were trying to move him back to a cell with a gang member. He states that while he has asked several time to be placed in protective custody, his requests have been denied.

## Analysis

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege Defendant Collier participated in any of the misconduct described in the Amended Complaint. Nor does he allege he made Defendant Collier aware of the alleged misconduct.

Defendant Collier holds a supervisory position with respect to Defendants Gattis and Pharr. However, under Section 1983, supervisory officials are not liable for actions of their subordinates under any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisory official may be held liable only for implementing a policy that repudiates constitutional rights and is the moving force behind the constitutional violation. *Id*. Plaintiff does not allege Defendant Collier implemented a policy which led to the alleged misconduct by the other two Defendants.

Plaintiff does not allege Defendant Collier was personally involved in the actions of the remaining Defendants. Nor does he allege Defendant Collier implemented a policy that resulted in those actions. As a result, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Collier.

## Recommendation

The claim against Defendant Collier should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 12th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE